**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PETER BLASO & DEMEGLIO FAMILY, | : | |
| Plaintiffs, | : | **MEMORANDUM AND ORDER** |
| v. | : | No. 2:14-cv-2574 (WHW-CLW) |
| ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

**MEMORANDUM**

In this dispute over insurance coverage after Hurricane Sandy, Defendant Alterra Excess & Surplus Insurance Company ("Alterra") moves to dismiss the complaint. ECF No. 26. In its brief, Defendant alleges that Plaintiffs' counsel, Audwin Levasseur, Esq., has failed to meaningfully participate in discovery, and that Mr. Levasseur's repeated absenteeism and delay warrants dismissal under Federal Rules of Civil Procedure 16(f)(1)(C), 37(d)(1)(A)(ii), and 41(b). Pl.'s Br. 4. Plaintiffs did not timely respond to the motion.

"[D]ismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 866 (3d Cir. 1984) (citation omitted). Although it is within a court's discretion to dismiss an action under Rule 41(b), dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

1

**NOT FOR PUBLICATION**

Defendant's submission leaves room for doubt. In its Notice of Motion, Defendant writes, "in support of this motion, Alterra will rely upon the Brief in support thereof." ECF No. 26. It relies *only* on this brief. Although the brief alleges violations of discovery and scheduling orders, Defendant presents no admissible evidence in support—no exhibits, affidavits, declarations or certifications under penalty of perjury. Absent evidence in admissible form, there can be no "clear record of delay or contumacious conduct." *See* Fed. R. Evid. 603; Fed. R. Evid. 901. The Court cannot dismiss an action under Rule 41(b) without an evidentiary basis.

Local Rules also prevent the Court from imposing sanctions under Rules 16 or 37 without an accompanying affidavit or other document complying with 28 U.S.C. § 1746. L. Civ. R. 16.1(g)(1); L. Civ. R. 37.1(b)(1). Absent such a document, the Court cannot impose sanctions under those rules here.

**ORDER**

Defendant's motion, ECF No. 26, is denied without prejudice.

DATE: 12 May 2015

Hon. William H. Walls
Senior United States District Judge

2